UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MARIE T. COSSIER,**

    **Plaintiff,**

**V.**                                                                             Case No: 2:11-CV-344-FtM-29SPC

**FI-WINKLER COURT, LLC**

    **Defendant.**

_____/

## ORDER

This matter comes before the Court on the Plaintiff, Marie T. Cossier's Motion for a Clerk's Default (Doc. #8) filed on April 5, 2012. Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

The Plaintiff states the Defendant was served on June 15, 2011. The Return of Service (Doc. # 7) shows that the Summons and Complaint were served upon Lizzete Vega, as Payroll Benefits Coordinator for the Defendant. Pursuant to Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a

1

> copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070.  A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d).  The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

Lizzete Vega, as Payroll Benefits Coordinator, is not a proper officer, manager or business agent, entitled to receive service under the Florida Statute.  Therefore, since service was ineffective, the Motion for a Clerk's Default is due to be denied.

Accordingly, it is now **ORDERED:**

The Plaintiff, Marie T. Cossier's Motion for a Clerk's Default (Doc. #8) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th Day of April, 2012.

*SheriPolsterChappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record