UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MARIE T. COSSIER,**

    **Plaintiff,**

**V.**                                       **Case No: 2:11-CV-344-FtM-29SPC**

**FI-WINKLER COURT, LLC**

    **Defendant.**

_____/

## **ORDER**

This matter comes before the Court on the Plaintiff, Marie T. Cossier's Response to the Court's Order to Show Cause and Motion to Enlarge Time to Effectuate Service (Doc. #10) filed on April 11, 2012. On March 28, 2012, the District Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. The Plaintiff responded to the Order to Show Cause by moving the Court for a Clerk's Default. On April 5, 2012, this Court entered an Order denying the Plaintiff's Motion for a Clerk's Default because service was not in compliance with the Florida law and the Federal Rules of Civil Procedure.

In its Order denying the Motion for a Clerk's Default, the Court noted that the Plaintiff served Lizzete Vega, as Payroll Benefits Coordinator. As the Court stated in its Order denying the Motion for Clerk's Default, pursuant to Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject

1

> to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

The Court found that Lizzete Vega was not a proper officer under the Florida Statute to receive service on behalf of the corporation and thus, denied the Motion. The Plaintiff now responds that she could not find any of the officers nor corporate agent to serve and therefore, served Vega. However, the Plaintiff does not state what efforts were made to contact and properly serve the corporation in compliance with the Florida Statute and the Federal Rules.

In the alternative, the Plaintiff moves--if the Court will not accept service upon Vega--for additional time to serve the Defendant. The Plaintiff asks for an additional ten (10) days to effectuate service in compliance with Fla. Stat. § 48.081(a-d). The Court stands by its previous Order. As such, the Court will allow the additional time for service.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Marie T. Cossier's Response to the Court's Order to Show Cause and Motion to Enlarge Time to Effectuate Service (Doc. #10) is **GRANTED**.

(1) The Plaintiff has up to and including **April 23, 2012**, to effectuate service on the Defendant.

(2) No Further action is needed on the Order to Show Cause.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th Day of April, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record